Filed 6/25/26  P. v. Alnagoma CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MAHMOOD WAAD ALNAGOMA,<br><br>    Defendant and Appellant. | C101670<br><br>(Super. Ct. No. 21FE011874) |


Defendant Mahmood Waad Alnagoma and the child's mother were tried jointly on charges of child abuse involving the mother's daughter.  A jury found Alnagoma guilty of child abuse and found true that he personally inflicted great bodily injury on a child under the age of five years.  On appeal, Alnagoma contends the trial court erred by admitting his prior acts of domestic violence.  We disagree and affirm.

BACKGROUND

Resolution of Alnagoma's claims does not require detailed discussion of the underlying crimes.  Alnagoma physically abused mother's three-year-old daughter after mother left the child in Alnagoma's care.  In an amended information, the People jointly charged Alnagoma and mother with child abuse.  (Pen. Code, § 273a, subd. (a).)  The People further alleged Alnagoma personally inflicted great bodily injury on a child under the age of five years (Pen. Code, § 12022.7, subd. (d)) and various aggravating factors (Cal. Rules of Court, rule 4.421(a)(1), (3), (11)).

1

In his motions in limine, Alnagoma sought to prevent the People and mother from admitting evidence of his past domestic violence committed against mother, asserting it was insufficiently similar to the charged crime of child abuse and would be unduly prejudicial. The People sought to introduce this evidence to establish mother's negligence in entrusting Alnagoma with her daughter.

Alnagoma's counsel objected to the evidence as irrelevant because the charged offenses involved abuse of a child and the proffered evidence involved domestic violence against an adult. Alnagoma's counsel further argued mother did not raise this defense until more than one year after her arrest. Finally, Alnagoma's counsel asserted prejudice because the evidence would confuse the jury, and the jury would misuse the evidence to find that Alnagoma was a "monster" inclined to child abuse.

The trial court indicated it did not think the evidence was unduly prejudicial and would instruct the jury to only consider the evidence as to mother's state of mind and not to "use it against [Alnagoma] in any way." Alnagoma's counsel again argued the evidence should be excluded as highly prejudicial because it would confuse the jury and the jury would hold it against him.

Finding it not unduly prejudicial, the trial court ruled the domestic violence testimony admissible and indicated it would issue a modified instruction limiting its use only as to mother's intent.

The People then sought to admit the domestic violence evidence as character evidence against Alnagoma under Evidence Code[1] section 1109. The trial court indicated it was inclined to exclude the evidence for that purpose as unduly prejudicial under section 352 because it was "too much" and would put the evidence "over the top." The trial court denied the People's motion to admit the domestic violence evidence under

---

[1]  Undesignated statutory references are to the Evidence Code.

2

section 1109. The trial court issued the limiting instruction before the first instance of domestic violence testimony and again during jury instructions.

The jury found Alnagoma guilty of child abuse likely to cause great bodily harm and found true the great bodily injury enhancement and aggravating factors. The trial court sentenced Alnagoma to 12 years in state prison as follows: the upper term of six years for child abuse plus a consecutive term of six years for the great bodily injury enhancement. (Pen. Code, § 12022.7, subd. (d).)

Alnagoma timely appealed in July 2024. His opening brief was filed in September 2025, and this case was fully briefed on April 1, 2026.

DISCUSSION

Alnagoma challenges the admission of his prior acts of domestic violence committed against mother. We understand Alnagoma's claim to be that the trial court abused its discretion by admitting this evidence under section 1109. We reject this claim and affirm.

The record clearly demonstrates that the trial court denied admission of Alnagoma's prior acts of domestic violence as character evidence under section 1109. Indeed, Alnagoma acknowledges this in his opening brief, stating, "[t]he prosecutor asked the court to admit the evidence of domestic violence under Evidence Code section 1109" and "[t]he court ultimately stated that it was denying the People's motion under Evidence Code section 352 …." Instead, the trial court admitted this evidence to allow the People to prove mother's negligent intent in entrusting her daughter to Alnagoma's care. Because Alnagoma challenges this evidence under a theory by which the trial court expressly did not admit it,[2] we reject his claim.

---

[2] The People similarly incorrectly analyze the admission of this evidence as permissible character evidence under section 1101, subdivision (b), claiming it was permissible to

3

To the extent Alnagoma intended to challenge this evidence under any other theory, he has waived such arguments by failing to sufficiently raise or develop them on appeal. " '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
KRAUSE, Acting P. J.

/s/
MESIWALA, J.

admit Alnagoma's prior bad acts of domestic violence in order to explain mother's mental state. Not only do the exceptions for character evidence under this provision not apply to explain a third party's behavior (see § 1101, subd. (b)), this theory was not argued below.

4